# KENTUCKY COURT OF APPEALS

JNO. P. BILLINGSLEY *v.* R. C. GWARTHNEY.

**Appeal—Amendment of Warrant.**
> Appellants should not be allowed on appeal to amend a defective warrant in a proceeding for forcible entry and detainer, in order to escape the consequences of the judgment appealed from, and thereby to tax appellee with the costs of the proceeding on the warrant.

APPEAL FROM McCRACKEN CIRCUIT COURT.

June 15, 1873.

OPINION BY JUDGE LINDSAY:

Upon the trial the jury found appellant not guilty of the forcible detainer complained of. Whether this finding was warranted by the proof of course we can not determine, nor is that question material. It is certain that had the finding been different appellant would have had the right to have it set aside upon the ground that the warrant, the basis or foundation of the proceeding, showed no right of recovery in the appellee.

It results therefore that when the parties appeared in the court of common pleas, appellee as the case stood had no right to demand a trial of the traverse, much less a verdict and judgment in his favor.

The motion to quash the defective warrant could not be overruled, and when it was sustained it seems to us that appellee was out of court altogether. Whether such a warrant may be amended in the circuit court under any circumstances is a matter of very grave doubt, as was intimated in the case of *Powers v. Sutherland*, 1 Duvall 151.

In a case like this where the party complaining has been defeated in the county, to allow him to amend a defective warrant upon an appeal in order to escape the consequences of the judgment appealed from, and thereby to tax his adversary with the costs of all the proceedings on the warrant, is carrying the liberal provision

1

of the Code of Practice allowing amendments to an extent not cal-
culated to promote the ends of justice. The power of the court to
allow amendments ought only to be exercised in furtherance of jus-
tice. Sec. 161, Civil Code. The amendment allowed in this case
has worked injustice in compelling appellant to pay the costs in-
curred on the trial before the justice of the peace, which before trial,
as before stated, resulted properly in a judgment in his behalf.

Wherefore the judgment appealed from is reversed and the cause
remanded for further proceedings consistent with this opinion.

*J. Q. A. King, for appellant.*

*L. D. Husbands, for appellee.*